IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WALTER RODRIGUEZ,** | : | Civil No. 1:12-CV-02090 |
| **Plaintiff,** | : | |
| v. | : | (Judge Rambo) |
| **WARDEN J.E. THOMAS, et al.,** | : | |
| **Defendant.** | : | |

# **M E M O R A N D U M**

Presently before the court are several motions *in limine* filed by the parties in the captioned case. (Docs. 276, 280, 284, 286.) For the reasons that follow, these motions will be granted in part and denied in part.

## I. **Background**

Plaintiff Walter Rodriguez, a federal inmate formerly incarcerated at the minimum-security Federal Prison Camp at the United States Penitentiary in Lewisburg, Pennsylvania ("USP-Lewisburg"), initiated this action against several Bureau of Prisons ("BOP") officials with a *Bivens*-styled complaint on October 18, 2012, as amended on July 9, 2014, and as supplemented on August 19, 2014 and September 15, 2014. (Docs. 105, 138, 146-1.) In the amended complaint, Plaintiff alleges that his constitutional rights were violated in connection with a physical and verbal assault by Defendant PA Potter and subsequent medical care; that

several Defendants subsequently retaliated against him after it was discovered that he wished to pursue legal action against Defendants; and, that he was subjected to unconstitutional conditions of confinement in his restricted confinement cell.

Following disposition of several motions for summary judgment, the following claims are proceeding to trial: (1) a claim of excessive use of force by Defendant Potter on August 11, 2012; and (2) a failure to protect / failure to intervene claim against Defendants Eichner and Knapp. (*See* Docs. 268, 297.) In advance of trial, currently scheduled for September 17, 2018, the parties have filed motions *in limine*. (*See* Docs. 276, 280, 284, 286.) The parties wish to exclude various evidence and testimony at trial. The court will discuss the requests in turn.

## II. Plaintiff's Motion *in Limine*

### A. Request No. 1

Plaintiff requests that the court "[i]nstruct all parties, counsel and witnesses expected to testify that no person is to refer to, interrogate, or attempt to convey or suggest to the jury, directly or indirectly . . . [i]f there was any injury as a consequence of the striking." (Doc. 276 at 2.) Defendants object, contending that in order to determine whether excessive force was used, the jury will need to determine, *inter alia*, the extent of Plaintiff's injuries. Upon careful review, the court will deny this request.

Prison officials violate the Eighth Amendment when they apply force "maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). Courts look to several factors in determining whether a prison official used excessive force, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)).

"The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9-10 (citations and internal quotation marks omitted). However, if a plaintiff establishes that a prison official acted with malice, he need not show that "significant injury" resulted from the official's actions. *Id*. at 9; *see also Brooks*, 204 F.3d at 108. "[T]he absence of significant resulting injury is not a *per se* reason for dismissing a claim based on alleged wanton and unnecessary use of force against a prisoner. Although the extent of an

injury provides a means of assessing the legitimacy and scope of the force, the focus always remains on the force used (the blows)." *Brooks*, 204 F.3d at 109. In sum, in assessing the use of force, "the extent of injury suffered by [the] inmate is one factor," but a plaintiff can establish an Eighth Amendment excessive force claim even without showing "serious injury." *Hudson*, 503 U.S. at 7.

Under this standard, the court will not exclude at trial evidence and testimony related to the fact of Plaintiff's injuries. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."). Because Plaintiff's alleged injuries and the context in which they were inflicted are central to this case, in order to determine what, if any, damages it should award, the jury must hear if the Plaintiff was physically injured and the extent of such injuries. Importantly, however, the parties are reminded that a use of force can violate the Eighth Amendment even if it does not cause significant injury. *Hudson*, 503 U.S. at 7. Although the extent of any physical injuries to Plaintiff may aid a jury in assessing whether a use of force was legitimate, the jury will be instructed that a malicious and sadistic use of force violates the Eighth Amendment even if it produces no significant physical injury. Thus, Plaintiff's request here is denied.

### B. Request No. 2

Plaintiff next requests that the court "[i]nstruct all parties, counsel and witnesses expected to testify that no person is to refer to, interrogate, or attempt to

convey or suggest to the jury, directly or indirectly . . . [t]he reasons why the Plaintiff was incarcerated for and any matters concerning his sentencing." (Doc. 276 at 2.) Defendants object, arguing that because Plaintiff's credibility is a significant factor in the case, Plaintiff's felony conviction therefore has significant probative value. Upon careful review, the court agrees with Plaintiff and will grant the request to exclude evidence of his criminal conviction.

According to Defendants,[1] on February 3, 2012, Plaintiff was sentenced to a term of imprisonment of sixty-six (66) months in the United States District Court for the Southern District of New York, after having been convicted of conspiracy to possess and distribute narcotics. (Doc. 291 at 10.) Plaintiff was serving this sentence at the time he filed the captioned case on October 18, 2012. He was released from custody on February 4, 2015. (Doc. 181; *see also* https://www.bop.gov/inmateloc/.)

The Federal Rules of Evidence provide that "[r]elevant evidence is admissible unless any [exceptions apply] . . . . Irrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 608(b), however, generally prevents the admissibility of specific instances of conduct for the purpose of attacking or supporting a witness's character. Fed. R. Evid. 608. Rule 609 sets forth several exceptions to this general rule, permitting evidence of prior criminal convictions to

---

[1] In his motion *in limine*, Plaintiff provides no information about his conviction or sentence.

5

be admitted for impeachment purposes. Fed. R. Evid. 609. Under Rule 609(a), evidence of a prior criminal conviction may be admitted "to attack[ ] a witness's character for truthfulness" in several circumstances. Fed. R. Evid. 609(a)(1). If the witness was convicted of a crime that "was punishable by death or by imprisonment for more than one year," then the conviction "must be admitted, subject to Rule 403, in a civil case . . . ." Fed. R. Evid. 609(a)(1)(A) (citing Fed. R. Evid. 403).

The court can exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. A trial court is afforded substantial discretion when striking a Rule 403 balance with respect to proffered evidence. *McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009) (noting that "a trial judge's decision to admit or exclude evidence under Fed. R. Evid. 403 may not be reversed unless it is arbitrary and irrational"). As the Court of Appeals for the Third Circuit articulated in *United States v. Greenidge*, 495 F.3d 85 (3d Cir. 2007), the district court must weigh the conviction's probative value against its prejudicial effect. *Id.* at 97. In so doing, the court should consider four factors: (1) the kind of crime involved; (2) when the conviction occurred; (3) the

importance of the witness's testimony to the case; and (4) the importance of the credibility of the witness. *Id*.

Here, although the *Greenidge* factors indicate that Plaintiff's 2012 conviction for conspiracy to possess and distribute narcotics may have probative value based on the date of the conviction and the importance of Plaintiff's testimony, as well as his credibility, the court nevertheless finds that Plaintiff may face prejudice if the facts underlying his conviction are given too much consideration at trial.[2] *See, e.g.*, *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987) ("All this is not to say that the opposing party may harp on the witness's crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue in the present case to the witness's conviction in a previous case. He may not."). Therefore, Plaintiff's request to have any reference to his felony conviction or the facts underlying the conviction excluded at trial will be granted.

### III. **Defendants' Motions *in Limine***

Defendants have filed separate motions *in limine*. (Docs. 280, 284, 286.) The court will discuss the motions in turn.

---

[2] Even so, Plaintiff's conviction does not qualify under Rule 609(a)(2), as conspiracy to possess and distribute narcotics does not carry with it an element of a dishonest act or false statement. *See* Fed. R. Evid. 609(a)(2).

### A. **Defendant Potter's motion *in limine***

In his motion, Defendant Potter seeks to exclude any evidence and/or testimony regarding any deprivation or inadequacy of medical treatment in connection with the August 11, 2012 incident and Plaintiff's subsequent stay in the SHU. (Doc. 281 at 6.) Defendant Potter argues that because the court previously dismissed Plaintiff's Eighth Amendment claim of deliberate indifference to his medical needs (*see* Doc. 175), introducing facts related to that claim would serve only to confuse the jury and place at issue Plaintiff's medical treatment, which is not relevant to the remaining claims.

The court agrees with Defendant Potter that Plaintiff should be precluded from attempting to raise the Eighth Amendment claim of deliberate indifference to his medical needs, as that claim has already been dismissed and, therefore, is not at issue in the upcoming trial. However, facts surrounding the excessive use of force claim, including the administration of the insulin shot by Defendant Potter on August 11, 2012, shall not be excluded.

### B. **Defendant Eichner's Motion *in Limine***

In his motion, Defendant Eichner seeks to preclude at trial the introduction and/or mention of any evidence regarding the following: (1) a

deprivation or inadequacy of medical treatment rendered to Plaintiff; (2) Plaintiff's conditions of confinement; (3) Plaintiff's allegations regarding access to the courts; (4) the decision to transfer Plaintiff to the SHU; and (5) Plaintiff's allegations regarding denial of due process. (Doc. 284.) Defendant Eichner argues that because such evidence involves claims which have already been dismissed by the court, (*see* Docs. 175, 268), the evidence is irrelevant to the remaining issues in this case and is therefore inadmissible at trial.

Upon careful review, the court finds that the evidence regarding the claims previously dismissed in this case are irrelevant to the issues on trial. Accordingly, Defendant Eichner's motion *in limine* will be granted and evidence in support of Plaintiff's previously dismissed claims will be inadmissible at trial. Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

### C. **Defendant Knapp's Motion *in Limine***

In his motion, Defendant Knapp seeks to exclude at trial any evidence and/or testimony regarding any involvement Plaintiff had with Defendant Knapp other than the time period at issue in this trial - August 11, 2012 between 9:00 p.m. and 9:15 p.m. (Doc. 286.) As Plaintiff's failure to protect / failure to intervene claim proceeding to trial against Defendant Knapp relates only to the August 11, 2012 incident, and does not involve any time period subsequent to the incident, the court will grant Defendant Knapp's request to the extent that Plaintiff may not

9

introduce evidence of interaction with Defendant Knapp subsequent to the time period covering the entire August 11, 2012 incident.

**IV. Conclusion**

Based on the foregoing, the motions *in limine* filed by Plaintiff and Defendants (Docs. 276, 280, 284, 286) will be granted in part and denied in part.

An appropriate order will issue.

s/Sylvia H. Rambo  
SYLVIA H. RAMBO  
United States District Judge

Dated: June 27, 2018